UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MEGAN MCLAUGHLIN, on behalf of herself )
and all those similarly situated, )
)
Plaintiffs, )
) Case No. 03-10905-GAO
v. )
)
BOSTON HARBOR CRUISE LINES, INC. )
and MODERN CONTINENTAL, )
)
Defendants. )

## JOINT STIPULATION, SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, on May 14, 2003, Plaintiff Megan McLaughlin ("Plaintiff") commenced this civil action, Case No. 03-10905-GAO (the "Action"), by filing a complaint against Boston Harbor Cruise Lines, Inc., a misnomer, in fact Harbor Cruises LLC (formerly doing business as Boston Harbor Cruises) ("BHC") and Modern Continental, a misnomer, in fact d/b/a Modern Continental Construction Company, Inc. ("Modern"); and

WHEREAS, the Plaintiff brought the Action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C.§216(b) and the Plaintiff also asserted a claim under M.G.L. c.151, §1A; and

WHEREAS, the Plaintiff alleged in the Action that BHC and Modern violated Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207, by failing to pay overtime compensation to her and others similarly situated during the three years preceding the date the Action was commenced; and

WHEREAS, the Plaintiff was not granted representative party status pursuant to 29 U.S.C. §216(b) nor did she obtain class certification under applicable federal or state rules of civil procedure; therefore, she only proceeded as an individual Plaintiff in the above Action; and

WHEREAS, on July 17, 2006, the Court denied the Plaintiff's motion to file an amended complaint in the Action whereby the Plaintiff sought to add two new plaintiffs who sought to bring claims on behalf of themselves and two putative classes of employees and sought to bring Count II, as asserted in her original complaint, as a class action on behalf of herself, the two new plaintiffs and others similarly situated; and

WHEREAS, BHC and Modern deny allegations of wrongdoing and violations of federal and state law contained in the Action and any liability whatsoever to the Plaintiff or any other person and contend that they have acted properly under all the circumstances, including as to the Plaintiff, and all persons alleged to be similarly situated. Further BHC and Modern each maintain they are exempt from payment of any premium pay for hours worked in excess of 40 hours per week because the Plaintiff is an overtime exempt seaman under federal and state laws; and

WHEREAS the Court has made no findings that BHC and Modern have engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any law, duty, or regulation in any respect; and

WHEREAS the parties have had the opportunity to conduct discovery; and

WHEREAS material issues of fact and substantive questions of law are in dispute between the parties; and

WHEREAS counsel for the Plaintiff, counsel for BHC and counsel for Modern have had extensive discussions concerning a resolution of the issues raised in the Action and have

proposed a settlement of those issues in this Joint Stipulation, Settlement Agreement and Release ("Agreement"); and

WHEREAS the parties have consented to the entry of an Order by the Court to resolve the dispute; and

WHEREFORE, this Agreement is entered into between Plaintiff Megan McLaughlin, an individual, and sole plaintiff in this matter, Harbor Cruises LLC (formerly doing business as Boston Harbor Cruises) and its attorneys, and past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, members, managers, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies (collectively "BHC") and Modern Continental doing business as Modern Continental Construction Company, Inc., its attorneys, bond counsel and past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, bonding companies, bonding companies' sureties, banks, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies (collectively "Modern"), subject to Court approval. Further, the Plaintiff, BHC, and Modern (collectively the "Settling Parties") do hereby agree to do all things and procedures necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by BHC and/or Modern of the consideration expressed herein subject to the terms, conditions and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims of failure to pay overtime compensation for work performed by the Plaintiff; (c) a General Release of all claims against BHC and Modern by the Plaintiff; and (d) other valuable monetary and non-monetary consideration as set forth herein.

## I. CONSENT TO COURT APPROVAL

A. This Agreement is contingent upon approval by the Court and is entered into voluntarily by the Settling Parties for settlement purposes only.

B. The Settling Parties shall cooperate and present to the Court for its consideration in connection with the approval of the Settlement Agreement any competent evidence as may be requested by the Court under the appropriate standards for approving FLSA settlements.

## II. SETTLEMENT APPROVAL PROCEDURE

This Agreement will become final and effective upon occurrence of all of the following events:

A. Execution of the Agreement by counsel of record.

B. Submission of this Agreement to the Court for approval.

C. Entry of an Order by the Court granting approval of this Agreement.

D. Entry of Final Judgment dismissing the Action with prejudice.

## III. EFFECT OF NON-APPROVAL

In the event that any of the conditions specified in Section II of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement, this Agreement and the releases contained herein shall be null and void. In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

## IV. PAYMENT OBLIGATIONS

Within thirty (30) days of approval of this Agreement and entry of a Final Judgment dismissing the Action with prejudice by the District Court, BHC and/or Modern shall provide Plaintiff's counsel with two checks payable to the Plaintiff in the amount of $10,000.00 and to Shapiro Haber & Urmy LLP ("Firm") in the amount of $5,000. The payment to the Firm shall be conditioned upon the provision by the Firm of a properly completed Form W-9. The payment to the Firm will be reported by a Form 1099. BHC will withhold appropriate state and/or federal income tax, FICA and Medicare from the check for the Plaintiff and BHC shall pay the employer share of FICA, Medicare and any relevant state tax payments for the Plaintiff. Modern shall reimburse BHC for all of said payments.

## V. MUTUAL RELEASES

In exchange for the considerations recited in this Agreement, the Plaintiff, does hereby and forever release, acquit, discharge and covenant not to sue BHC and Modern for BHC's or Modern's alleged failure to pay her compensation, including overtime compensation, under any applicable federal and state laws for any work she performed for the benefit BHC and/or Modern and any claims for attorneys' fees, expenses or costs for prosecuting these claims by her.

The Plaintiff further releases BHC and Modern, and BHC and Modern release Plaintiff, from all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever that existed on the date of the entry of Final Judgment, whether known or unknown, asserted or that might have been asserted by them, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation including any state wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or

could be the basis of any claims by Plaintiff, or any claim by BHC or Modern, that they did not comply with any laws, regulation or obligation *vis a vis* the other.

Notwithstanding the foregoing, the Plaintiff's release is not intended to release BHC or Modern from or with respect to any claims now or in the future asserted against BHC or Modern by any individuals other than the Plaintiff, including specifically any claims asserted by any such person in *Santacroce, et al. v. Boston Harbor Cruises, Inc.*, No. 06-cv-11299-GAO.

## VI. **TERMS OF SETTLEMENT**

As a result of the arm's-length negotiations, a settlement of the issues raised in this action was reached, which is memorialized in this Agreement.

## VII. **NOTICES**

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class mail to the undersigned persons at their respective addresses as set forth herein:

    Counsel for Plaintiff: Thomas V. Urmy, Jr., Esquire
    SHAPIRO HABER & URMY LLP
    53 State Street
    Boston, MA 02109
    (617) 439-3939

    Counsel for BHC: Mary E. O'Neal, Esquire
    MASTERMAN, CULBERT & TULLY LLP
    One Lewis Wharf
    Boston, MA 02110
    (617) 227-8010

    Counsel for Modern: Richard D. Wayne, Esquire
    HINCKLEY ALLEN & SNYDER LLP
    28 State Street
    Boston, MA 02109
    (617) 345-9000

## VIII. REPRESENTATION BY COUNSEL

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been voluntarily executed as an act of free will with the consent and advice of counsel.

## IX. NO ADMISSION OF LIABILITY

The Settling Parties acknowledge and agree that liability for the actions that are the subject matter of this Agreement is disputed by BHC and Modern. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability, nor shall it be admissible, at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement in this litigation or in any other litigation, including but not limited to *Santacroce v. Boston Harbor Cruise Lines, Inc.*, USDC Civil Action No. 06-CA-11299-GAO. The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

## X. MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

## XI. FURTHER COOPERATION

The Settling Parties and their respective attorneys shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all things reasonably

necessary or convenient to consummate the Agreement and settlement as expeditiously as possible.

## XII. CONSTRUCTION AND INTERPRETATION

This Agreement constitutes the entire agreement between the Settling Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict their terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the Commonwealth of Massachusetts, both in its substantive aspects, and without regard for the principle of conflict of laws, and shall be subject to the continuing jurisdiction of the United States District Court for the District of Massachusetts. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or related documents, or any specific term or condition thereof. The Plaintiff, BHC and Modern, by and through counsel, participated in the negotiation and drafting of this Agreement and each party had available to them the advice and assistance of their own independent counsel. As such, neither the Plaintiff, nor BHC or Modern may claim that any ambiguity in this Agreement should be construed against the other.

## XIII. COUNTERPARTS

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument.

## XIV. **BINDING EFFECT**

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and past, present and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, members, managers, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiff.

## XV. **ATTORNEY FEES, COSTS AND EXPENSES**

The Settling Parties shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.

## XVI. **AUTHORITY OF COUNSEL**

Counsel for the Plaintiff, warrant and represent that they are expressly authorized by the Plaintiff to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. Counsel for BHC and Modern warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by BHC and Modern pursuant to this Agreement in order to effectuate its terms.

## XVII. **NO INJUNCTIVE RELIEF**

As part of this Settlement Agreement, neither BHC nor Modern shall be required to enter into any consent decree, nor shall either BHC or Modern be required to agree to any provision for injunctive relief.

## XVIII. OBTAINING APPROVAL OF SETTLEMENT AGREEMENT

Counsel for the parties shall jointly request a hearing before the Court seeking its approval of this Agreement, to be held as soon as practicable for counsel and the Court. The Settling Parties shall jointly submit to the Court this Agreement and Joint Motion and Proposed Order Approving Settlement, and all other documents necessary to effectuate Court approval of the Agreement and Motion. Said submission shall be done expeditiously upon execution by the Parties of the necessary documents. The Settling Parties shall jointly request a hearing to obtain approval of this Agreement.

## XIX. CONFIDENTIALITY

The Plaintiff agrees the documentation obtained by her or her attorneys from either BHC or Modern shall be returned and may not be photocopied or electronically stored, with the exception of documents produced by BHC, Bates stamped numbers 000026 through 000333.

## XX. PUBLICITY

Counsel and the Settling Parties shall not publize this Agreement in the press, and if contacted by the press shall reply, "The matter has been settled".

## XXI. HEADINGS

The terms used to define the headings of each paragraph or section of this Agreement are not substantive and utilized solely for the convenience of the Settling Parties.

## XXII. STAY OF PROCEEDINGS

The Settling Parties agree to hold this action in abeyance except as necessary to implement this Agreement, and obtain a hearing and approval of this Agreement by the Court.

## XXIII. ENTIRE AGREEMENT

This Agreement constitutes the entire agreement of the Settling Parties.

## XXIV. BINDING ON SUCCESSORS OR HEIRS

This Agreement is binding on the Settling Parties' successors or heirs.

## XXV. INVALIDITY OF ANY PROVISION

Should a court declare any provision of this Agreement invalid, said Court shall have authority to conform said provision to the original intent of the Settling Parties in this Agreement, read as a whole document and shall thereafter restate said provision in a valid writing.

## XXVI. CONTINUING JURISDICTION

The United States District Court for the District of Massachusetts shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement; to supervise the administration and distribution of the resulting settlement funds; and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in this litigation.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the 25th day of October, 2007.

| | |
|---|---|
| **PLAINTIFF,** | **DEFENDANTS,** |
| MEGAN MCLAUGHLIN, | MODERN CONTINENTAL CONSTRUCTION CO., INC. |
| By her Attorneys, | By its Attorneys, |
| _____ | _____ |
| Thomas V. Urmy, Jr. (BBO #506620) | Richard D. Wayne (BBO #518200) |
| SHAPIRO HABER & URMY LLP | HINCKLEY ALLEN & SNYDER LLP |
| 53 State Street | 28 State Street |
| Boston, MA  02109 | Boston, MA  02109 |
| (617) 439-3939 | (617) 345-9000 |

*[signature: Vincent P. Dunn]*

Vincent P. Dunn (BBO #551034)
Melick, Porter & Shea
28 State Street
Boston, MA 02109
(617) 523-6200

BOSTON HARBOR CRUISE LINES, INC.
(a misnomer)
HARBOR CRUISES LLC
By their Attorney,

*[signature: Mary E. O'Neal]*

Mary E. O'Neal, Esquire (BBO #379325)
Masterman, Culbert & Tully LLP
One Lewis Wharf
Boston, MA 02110
(617) 227-8010